U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED
MAY 2 2 2009
CLERK, U.S. DISTRICT COURT
By_____
         Deputy

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| QUINCY R. SLOAN,<br>§ Petitioner,<br>§<br>v.<br>§<br>NATHANIEL QUARTERMAN, Director,<br>Texas Department of Criminal Justice,<br>Correctional Institutions Division,<br>§ Respondent. | Civil Action No. 4:08-CV-698-Y |

### FINDINGS, CONCLUSIONS, AND RECOMMENDATION
### OF THE UNITED STATES MAGISTRATE JUDGE
### AND NOTICE AND ORDER

This cause of action was referred to the United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b), as implemented by an order of the United States District Court for the Northern District of Texas. The Findings, Conclusions, and Recommendation of the United States Magistrate Judge are as follows:

#### I. FINDINGS AND CONCLUSIONS

##### A. NATURE OF THE CASE

This is a petition for writ of habeas corpus by a state prisoner under 28 U.S.C. § 2254.

##### B. PARTIES

Petitioner Quincy R. Sloan, TDCJ-CID #1500975, is in custody of the Texas Department of Criminal Justice, Correctional Institutions Division, and is currently incarcerated in Gatesville, Texas.

Respondent Nathaniel Quarterman is the Director of the Texas Department of Criminal Justice, Correctional Institutions Division.

### C. Factual and Procedural History

Sloan is serving a life sentence on his April 17, 2008, conviction for injury to child–serious bodily injury in Case No. 1105338R in the 371st District Court of Tarrant County, Texas. (Resp't Motion to Dismiss, Exhibit A, at 3) Sloan did not directly appeal his conviction or sentence or seek postconviction habeas relief. Sloan filed this petition for writ of habeas corpus on December 22, 2008.[1]

### D. Issues

Sloan raises four grounds for relief.

### E. Rule 5 Statement

Quarterman has filed a motion to dismiss Sloan's petition without prejudice on exhaustion grounds. (Resp't Motion to Dismiss at 3-6)

### F. Exhaustion of State Court Remedies

Applicants seeking habeas corpus relief under § 2254 are required to exhaust all claims in state court before requesting federal collateral relief. 28 U.S.C. § 2254(b)(1);*Fisher v. Texas*, 169 F.3d 295, 302 (5th Cir. 1999). The exhaustion requirement is satisfied when the substance of the federal habeas claim has been fairly presented to the highest court of the state. *O'Sullivan v. Boerckel*, 526 U.S. 838, 842-48 (1999); *Fisher*, 169 F.3d at 302; *Carter v. Estelle*, 677 F.2d 427, 443 (5th Cir. 1982). This requires that the state court be given a fair opportunity to pass on the claim, which in turn requires that the applicant present his claims before the state courts in a procedurally proper manner according to the rules of the state courts. *Depuy v. Butler*, 837 F.2d 699, 702 (5th Cir.

---

[1] A pro se habeas petition is generally filed when the petition is delivered to prison authorities for mailing. *Spotville v. Cain*, 149 F.3d 374, 377 (5th Cir. 1998). Sloan does not indicate in the petition the date he placed the petition in the prison mailing system, however the envelope in which he mailed the petition reflects a postmark of December 22, 2008. Thus, for purposes of this proceeding, Sloan's petition is deemed filed on that date.

1988).

For purposes of exhaustion, the Texas Court of Criminal Appeals is the highest court in the state. *Richardson v. Procunier*, 762 F.2d 429, 431 (5 th Cir. 1985). Thus, a Texas prisoner may satisfy the exhaustion requirement by presenting both the factual and legal substance of his claims to the Texas Court of Criminal Appeals in either a petition for discretionary review or a postconviction habeas corpus proceeding pursuant to article 11.07 of the Texas Code of Criminal Procedure. *See* TEX. CODE CRIM. PROC. ANN. art. 11.07 (Vernon Supp. 2008); *Anderson v. Johnson*, 338 F.3d 382, 388 n.22 (5th Cir. 2003).

The record supports Quarterman's assertion that Sloan has not exhausted his state court remedies in a procedurally correct manner with respect to the claims presented. *See O'Sullivan*, 526 U.S. at 842-88; *Bautista v. McCotter*, 793 F.2d 109, 110 (5th Cir. 1986); *Richardson*, 762 F.2d at 432; *Carter*, 677 F.2d at 443. Sloan did not directly appeal his conviction and sentence, and the Clerk of the Texas Court of Criminal Appeals, by his deputy, certifies that no state postconviction writ of habeas corpus has been found under the relevant trial court cause number in Sloan's name, and Sloan has not refuted the assertion. Sloan's federal petition further supports the assertion. Because the Texas Court of Criminal Appeals has not been afforded a fair opportunity to consider the merits of Sloan's claims, the claims are unexhausted for purposes of federal habeas review. *See Martinez v. Johnson*, 255 F.3d 229, 238 (5th Cir. 2001).

Accordingly, Sloan must first pursue his available state remedies, in this case state postconviction habeas relief, before seeking relief under § 2254. Absent a showing that state remedies are inadequate, such showing not having been demonstrated by Sloan, he cannot now proceed in federal court in habeas corpus. *See* 28 U.S.C. §2254; *Fuller v. Florida,* 473 F.2d 1383,

3

1384 (5th Cir. 1973); *Frazier v. Jones*, 466 F.2d 505, 506 (5th Cir. 1972). Accordingly, dismissal of this federal habeas corpus proceeding for lack of exhaustion is warranted so that Sloan can fully exhaust his state court remedies and then return to this court, if he so desires, after exhaustion has been properly and fully accomplished.

## II. RECOMMENDATION

Sloan's petition for writ of habeas corpus should be dismissed without prejudice, except as to any application of the federal statute of limitations[2] or other federal procedural bar that may apply. All pending motions not previously ruled upon should be denied.

### III. NOTICE OF RIGHT TO OBJECT TO PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

Under 28 U.S.C. § 636(b)(1), each party to this action has the right to serve and file specific written objections in the United States District Court to the United States Magistrate Judge's proposed findings, conclusions, and recommendation within ten (10) days after the party has been served with a copy of this document. The court is extending the deadline within which to file specific written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation until June 12, 2009. The United States District Judge need only make a *de novo* determination of those portions of the United States Magistrate Judge's proposed findings, conclusions, and recommendation to which specific objection is timely made.   *See* 28 U.S.C. § 636(B)(1). Failure to file by the date stated above a specific written objection to a proposed factual finding or legal conclusion will bar a party, except upon grounds of plain error or manifest injustice, from attacking on appeal any such proposed factual finding or legal conclusion accepted by the

---

[2] 28 U.S.C. § 2244(d) imposes a one-year statute of limitations for filing non-death penalty habeas corpus petitions in federal court, subject to applicable tolling. *See* 28 U.S.C. § 2244(d)(1)-(2).

4

United States District Judge. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc op. on reh'g); *Carter v. Collins*, 918 F.2d 1198, 1203 (5th Cir. 1990).

## IV. ORDER

Under 28 U.S.C. § 636, it is ORDERED that each party is granted until June 12, 2009, to serve and file written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation. It is further ORDERED that if objections are filed and the opposing party chooses to file a response, a response shall be filed within seven (7) days of the filing date of the objections.

It is further ORDERED that the above-styled and numbered action, previously referred to the United States Magistrate Judge for findings, conclusions, and recommendation, be and hereby is returned to the docket of the United States District Judge.

SIGNED May 22, 2009.

_____
CHARLES BLEIL
UNITED STATES MAGISTRATE JUDGE